IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KALVIN MARSHALL,

      Plaintiff,

v.                                              Civil Action No. **3:13CV286**

ROBERT E. PAYNE, *et al.*,

      Defendants.

## MEMORANDUM OPINION

Kalvin Marshall, a federal inmate, proceeding *pro se* and *in forma pauperis*, filed this *Bivens* action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.    PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th

2

Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.   SUMMARY OF ALLEGATIONS

In a semi-coherent Complaint, Marshall initially summarizes the history of his criminal proceedings in the Court. Thereafter, Marshall asserts that the Honorable Robert E. Payne and the Honorable Henry E. Hudson, United States District Judges, lacked subject-matter jurisdiction over his criminal case. (Compl. 7, ECF No.1.) In support of his theory, Marshall makes the following specious allegations:

> 17.    The defendants – the Honorable Judge Henry E. Hudson and the Honorable Judge Robert E. Payne acted – in conducting arraignment proceedings and plea hearings – though judicial in nature – in the complete absence of all jurisdiction of the subject matter because the complainant-plaintiff, United States case nos. 3:02-cr-225; and 3:02-m-223 failed to present the district court with a "Case" -or- "Controversy" by establishing the threshold requirement of the irreducible constitutional minimum of standing to sue in the incipient complaint; hence, failing to invoke the district court[']s jurisdiction pursuant to Art. III subsection 2 clause 1 of the United States Constitution.
>
> 18.    Consequently, the aforementioned defendants in omitting to determine whether or not the district court had jurisdiction of subject matter pursuant to Art. III subsection 2 clause 1 of the United States Constitution, caused the plaintiff, Kalvin Marshall in this matter sub judice to suffer ongoing incarceration due to the defendants['] dereliction not only in its obligation but its duty to determine whether or not the district court had jurisdiction of the subject matter pursuant to Art. III.

(*Id.* at 7–8.) Marshall demands "$100,000,000.00" from each defendant and injunctive relief.

(*Id.* at 9.) As explained below, Marshall's Complaint will be DISMISSED.

## III.   ANALYSIS

### A.   Monetary Damages

Judges are immune from suits under *Bivens* for acts committed within their judicial

discretion. *See Bartug v. Rubin*, 986 F. Supp 332, 335 (E.D. Va. 1997); *Stephens v. Herring*, 827

F. Supp. 359, 364–65 (E.D. Va. 1993). "Absolute judicial immunity exists 'because it is

recognized that judicial officers in whom discretion is entrusted must be able to exercise

discretion vigorously and effectively, without apprehension that they will be subjected to

burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09CV012, 2009 WL 4730716,

at *2 (E.D. Va. Dec. 3, 2009) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972)

(citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995)).

Judges are entitled to immunity even if "the action he took was in error, was done maliciously, or

was in excess of his authority . . . ." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Only two

exceptions apply to judicial immunity:  (1) nonjudicial actions, and (2) those actions, "though

judicial in nature," that are "taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502

U.S. 9, 11–12 (1991) (citation omitted). Neither exception applies in this instance.

Marshall recounts his criminal proceedings and alleges that the "defendants acted – in

conducting arraignment proceedings and plea hearings – though judicial in nature – in the

complete absence of all jurisdiction of the subject matter." (Compl. 7.) [2]   Marshall, however,

fails to assert any plausible basis for his allegation that Defendants lacked jurisdiction over his

---

[2] On July 30, 2002, Judge Payne arraigned Marshall on a superseding indictment. *See United States v. Rose*, No. 3:02CR225–HEH, ECF No. 19, (E.D. Va. July 30, 2002). On September 20, 2002, the case was reassigned to Judge Hudson. *Id.*, ECF No. 32, (E.D. Va. Sept. 20, 2002). On October 30, 2002, Marshall pled guilty to one count of conspiracy to distribute in excess of fifty grams of cocaine base and one count of felon in possession of a firearm. *Id.*, ECF No. 41, ( E.D. Va. Oct. 30, 2002). On January 24, 2003, Judge Hudson sentenced Marshall to 384 months of imprisonment. *Id.*, ECF No. 53, (E.D. Va. Jan 24, 2003).

criminal proceedings. Instead, he alleges in a conclusory fashion that the United States "failed to present the district court with a 'Case' or 'Controversy' by establishing the threshold requirement of the irreducible constitutional minimum of standing to sue in the incipient complaint . . . ." (*Id.* at 7–8.) Marshall's vague allegations fail to indicate that Judge Payne's or Judge Hudson's conduct falls under either exception to judicial immunity. Because the Defendants are entitled to judicial immunity, Marshall's claim for monetary damages will be DISMISSED.

**B.     Injunctive Relief**

Marshall also requests the following: "Issue an injunction ordering defendant, the Honorable Judge Henry E. Hudson in his official capacity to . . . [i]ssue the order without delay releasing Mr. Marshall from incarceration." (Compl. 9.) Marshall again fails to demonstrate any entitlement to injunctive relief in the form of release from custody. As explained previously, Marshall fails to explain and the Court fails to discern why he believes Judge Hudson acted without jurisdiction. Marshall's claim for injunctive relief will be DISMISSED.

**IV.     CONCLUSION**

Accordingly, Marshall's claim and the action are FRIVOLOUS and will be DISMISSED WITH PREJUDICE. Marshall's letter motions to expedite the screening process (ECF Nos. 37–39) will be DENIED AS MOOT. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order shall issue.

Date: 4-3-15
Richmond, Virginia

_____/s/_____
James R. Spencer
Senior U. S. District Judge