

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KALVIN MARSHALL,

    Plaintiff,

v.                                                           Civil Action No. **3:13CV286**

ROBERT E. PAYNE, *et al.*,

    Defendants.

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered April 3, 2015, the Court dismissed a *Bivens* action[1] filed by Kalvin Marshall. On May 18, 2015, the Court received a letter motion from Marshall in which he requests his "time frame [to] be restored" so he can file a Federal Rule of Civil Procedure 59(e) Motion. ("Motion for Extension of Time," ECF No. 47.) Marshall explains that he only received the Court's April 3, 2015 Memorandum Opinion and Order dismissing the case on May 8, 2015. (*Id.* at 1.) A Rule 59(e) Motion must be filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Court lacks the authority to extend the time period in which to file a Rule 59(e) Motion. *See* Fed. R. Civ. P. 6(b)(2). Accordingly, Marshall's Motion for Extension of Time (ECF No. 47) will be DENIED.

On May 26, 2015, the Court received Marshall's timely Notice of Appeal (ECF No. 48) and a Federal Rule of Civil Procedure 59(e) Motion (ECF No. 49). Because Marshall filed this motion outside of the twenty-eight day period permitted for Rule 59(e) motions, this motion is properly construed as a motion under Federal Rule of Civil Procedure 60(b) ("Rule 60(b)

---

    [1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Motion"). *See United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)).

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). It is an extraordinary remedy requiring a showing of exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) must make a threshold showing of "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir.1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (citing *Werner*, 731 F.2d at 207).

Marshall first argues that the Court erred by failing to identify under which section of 28 U.S.C. § 1915(e)(2) it dismissed his claims for monetary damages. (Rule 60(b) Mot. 4–5.) Marshall contends that the Court should have identified that its dismissal was pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii)[2] because the Court concluded that Defendants were entitled to judicial immunity for their actions taken in Marshall's criminal proceedings. Marshall then repeats the Court's conclusions in the Memorandum Opinion and vaguely suggests that they are incorrect for reasons previously stated in his Complaint. Marshall fails to demonstrate any exceptional circumstances that would warrant vacating the dismissal of his *Bivens* action. Thus,

---

[2] Title 28 section 1915(e)(2)(B)(iii) permits the Court to dismiss an action if it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). While the Court could have dismissed the action specifically under 28 U.S.C. § 1915(e)(2)(B)(iii), the Court also found the action frivolous, another ground for dismissal, under 28 U.S.C. § 1915(e)(2)(B)(i).

he fails to make the threshold showing required to bring a Rule 60(b) Motion. Accordingly, Marshall's Rule 60(b) Motion (ECF No. 49) will be DENIED.

      An appropriate Order shall issue.

Date: 6-8-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge